Per Curiam.
We do not think that thet evidence in this case warranted the finding either of incompetent mental capacity on the part of the plaintiff at the time of the execution of the assignment, or of fraud or undue influence ■on the part of the defendant to procure the assignment to be made.
On the first of these questions the burden of proof was on the plaintiff at the outset, and was not to be shitted In consequence of any proof to be made by him in respect to the relation in which the parties stood to each other, or the character of the transaction which was the subject of inquiry. It was incumbent upon him, in order to make out his case in this respect, to overcome, by a clear preponderance of evidence, the presumption of sanity and competent mental capacity which obtains in the case of every person of full age who has not been judicially declared of unsound mind, or incapable of managing his affairs. This, we think, he has not done; but, on the contrary, that the evidence shows affirmatively that, at the time of the execution of the assignment, and for a considerable time before, the plaintiff was sober, and ■ capable of doing business. If, as he testifies, he was, at the time of giving his testimony, oblivious of the transaction, the proof clearly shows that he had not been so at all times since it occurred; and his failure of memory on the subject at any time might be more probably accounted for as resulting from an attack of paralysis which he sustained some months after the trans.action, than upon the theory of any abnormal condition of mind existing at the time.
On the second question proposed, if it were to be conceded that a prima .facie case of undue influence was made out by proof of the relationship between the parties, and the character and circumstances of the transaction itself, and thus the burden was cast upon the defendant of relieving himself from the suspicion of wrong on bis part, and of showing that the plaintiff acted without restraint and under no coercion of his will, (In re Smith’s Will, 95 N. Y. 522,) we think this requirement was fairly met by the evidence in support of the defendants’ denials. In respect to every instance of suggestion or request on the part of the defendant to which the plaintiff testifies, he also testifies that it was met by a prompt and decided refusal on his part. The assignment was, in fact, drawn by an attorney acting under the instruction ■of the plaintiff alone, and was subsequently executed in the presence of another third person, who signed it as a witness at the plaintiff’s request; the defendant not being present on either occasion.
We are not disposed to indicate here our estimate of the probative force or effect, on the issues of the case, of any of the particular facts and circumstances disclosed by the evidence. We have examined the entire evidence with care, and are of the opinion that, on the whole, the case presented by this record does not support the conclusions of fact found by the referee. We are therefore of the opinion that the judgment should be reversed, and a new trial granted, with costs to abide the event.